Harry HUGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41199.

Court of Criminal Appeals of Texas.

April 17, 1968.

Charles F. Baldwin, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John A. Brady and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., of Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is robbery with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

■ Ground of error No. 1 is that the trial court erred in admitting in evidence State's Exhibit No. 10, a brief case, for the reason that it was never identified as being stolen from B. E. McBride or the W. T. Grant Company and was incompetent evidence against the appellant.

Roy White, one of the employees of the W. T. Grant Company Store, who was present during the robbery, *and who identified the appellant at the trial* as one of the robbers testified in part as follows:

"Q Mr. White, * * * Did you see what was done with the money immediately after it was taken from the safe?

"A Yes, sir.

"Q Where was it put then?

"A It was put into a typewriter case, portable typewriter, brown, plastic case and also an attache case (brief case) * * *.

"Q Whose property was that?

"A That was Mr. McBride's brief-case.

"Q Did they do anything with respect to the brief case?

"A Yes, sir. It is a Sansomite type brief case, rather large. They opened and took the liner; there is a metal liner in there and they tore it out and threw it to oneside and started putting the money in it.

"Q By liner, will you describe what its function was?

"A It is a divider.

"Q I hand you what has been marked State's Exhibit Number 10 and ask you if you can identify this object?

"A Same style as he used. Yes, sir.

"Q Do you see anything on the inside of the briefcase, itself, that makes you be able to identify this particular briefcase?

"A Yes, sir. This is where the partition was, divider was removed here.

"State's Counsel: We offer into evidence, State's Exhibit No. 10.

"By Appellant's Counsel:

"Q You stated on direct examination this is the same style brief case. Are you now saying this is exactly the same brief case that was taken? Is this the brief case that was taken? Is that your testimony?

"A It is the same style and make that the one that was taken. It seems to have been torn out the same as the other one was.

"Q You can't identify this of your own knowledge as the same brief case, can you?

"A No, I can't.

"Appellant's Counsel: Your Honor, we object to the introduction of State's Exhibit Number 10 on the ground no proper identification is made that this is the suit case.

"The Court: I will sustain the objection at this time to the admission of that instrument in evidence.

\*  \*  \*  \*  \*  \*

"Q While you were there did you have occasion to see any item similar to what has been marked for identification as State's Exhibit Number 10, the brief case?

"A Yes, sir.

"Q Where did you see this?

"A In the county jail. One of the jailers or the sheriff—I don't know what his capacity was there, but one of the officials brought it and a suitcase out."

While testifying, B. E. McBride, manager of the W. T. Grant Company, *identified the appellant* as one of the robbers, and further testified in part as follows:

"Q The money that was taken, was it placed in any kind of container?

"A Yes, it was placed in a brief case, and also there was a portable typewriter that the case was taken, too, to put the money in.

"Q The brief case, could you identify that brief case?

"A Yes, I could.

"Q Whose briefcase was it?

"A Mine.

"Q Did you see anything done particularly to your brief case there?

"A Yes, The inside has a flap on the inside. It was torn out.

"Q And was that done in your presence?

"A Yes, it was.

"Q You saw it done?

"A Yes, sir.

"Q Mr. McBride, I will hand you what has been marked for identification as State's Exhibit Number 10 and ask you what this is?

"A This is my brief case.

"Q   And will you open it up?

"(Witness opens brief case)

"Q   After having opened it do you see anything in there that makes you know that this is your brief case?

"A   Yes, sir, the flap has been torn out.

"State's Counsel: We offer into evidence, State's Exhibit Number 10.

"By Appellant's Counsel:

"Q   Do you sell these type of brief cases in your store?

"A   No, we do not.

"Q   Is this a popular make brief case?

"A   I would say so.

"Q   In fact, Samsonite is one of the bigger companies manufacturing brief cases?

"A   Yes.

"Q   Do you have any idea, being in the store business, approximately how many of these are sole in Tarrant County?

"A   I have no idea.

"Q   Would you say there is more than one of this color in Tarrant County?

"A   I feel sure there is.

"Q   What makes it possible for you to identify this particular case?

"A   I just feel like it is my case.

"Q   Can you swear positively under oath that you are absolutely certain that is your case?

"A   Well, no, not to that sense, I couldn't.

"Q   You just feel like this is your case?

"A   Yes.

"Q   It is a similar color.

"A   It is the same color and the flap has been torn out.

"Q   You can't say definitely that this is your case?

"A   No.

"Appellant's Counsel: We object to the introduction of this case into evidence, Your Honor, because no sufficient predicate has been laid for its introduction.

"The Court: Sustain the objection at this time."

The testimony of the state reveals that at appellant's requests he was taken by the officers to his room at a motel to get his belongings, and among the things in his room was a brief case, the possession of which was traced from the time it was taken at the motel until it was offered and admitted in evidence as State's Exhibit No. 10.

It is concluded that the identity of the brief case was sufficiently established to authorize its admission in evidence. Ground of error No. 1 is overruled.

■   Another ground of error is that State's Exhibit No. 10, the brief case, was obtained in violation of appellant's constitutional rights to be free from illegal search and seizure.

To support his position, the appellant testified in the absence of the jury that after his arrest he was forcibly taken while handcuffed to the motel where the officers searched his room without his consent and without a search warrant.

The testimony of the state reveals that appellant requested the officers to take him to the motel to get his belongings; that at the time they knew nothing about the location of appellant's room or its contents.

At this time the trial court found, as shown in the transcript of the evidence, that the officers entered the room of the appellant with his consent, and that the possession of the brief case was also obtained with his consent, and that both the search and seizure were legally made.

858

The evidence sufficiently supports the trial court's findings.

The appellant never sought to have the issue of his consent to the search of his room submitted to the jury by objections to the court's charge or by requested charges; and no such instruction was given.

The judgment is affirmed.