Ivison BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42229.

Court of Criminal Appeals of Texas.

July 16, 1969.

**262**

Gerald K. Fugit, Odessa, for appellant.

Calvin W. Wesch, Dist. Atty., Kermit, Ken G. Spencer, County Atty., Crane, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The State's evidence reflects that late in the afternoon of January 25, 1967, before 5 p. m. the appellant, another but younger Negro man and a young Negro woman entered the Cone Jewelry store in the City of Crane. Mrs. J. W. Agnew, a saleslady who was alone in the store at the time, was asked to show the younger man some watches while the appellant and his woman companion stood at the end of the counter near the accessible front window display. Shortly thereafter Mr. Cone, owner of the store, returned from the post office and proceeded to wait on a customer who had just entered the store. After a few minutes appellant and his companions left the store. Directly after their departure Cone observed that the revolving display case in the front window had stopped and that two diamond rings were missing therefrom. The police and the sheriff's office were called. After Sheriff Weatherby had obtained a description of the threesome he learned from an employee of a service station across the street from the jewelry store that the three Negroes had driven off in a 1959 blue and white Oldsmobile in the direction of Odessa. Sheriff Weatherby then made a radio call to the Ector County sheriff's department requesting that the trio be stopped, giving their description and a description of the automobile.

At approximately 5:30 p. m. Ector County Deputy Sheriffs Wisener and Garrett stopped appellant and his companions 7 or 8 miles south of the City of Odessa while driving the described automobile and radioed Sheriff Weatherby. Not long thereafter Sheriff Weatherby arrived in company with Cone and Mrs. Agnew who immediately identified the trio as the ones who had been in the store some 40 minutes or so earlier. At this time appellant was observed to hand an open pack of cigarettes to his woman companion who refused it. When appellant attempted a second time to give the pack of cigarettes to the woman and was again rebuffed Sheriff Weatherby took the pack from him, shook it and out fell two diamond rings which were immediately identified by Cone as the rings taken from his store.

Thereafter, with appellant's consent, the automobile was searched. The appellant and his companions were then taken before a magistrate in Odessa (See Articles 14.06 and 15.17, V.A.C.C.P.) and then were taken to Crane County jail.

The next day, after it was discovered that a watch was also missing from the jewelry store, appellant's automobile was searched with his written consent. The missing watch was discovered in the car door.

The value of each ring as well as the watch was shown to have been in excess of $50.00.

The appellant did not testify or call any witnesses in his behalf.

In his first two grounds of error appellant contends the court erred in admitting "certain evidence" against him which was obtained as a result of an illegal search and seizure and in violation of the Fourth, Fifth and Fourteenth Amendments, United States Constitution.

■■ Under the circumstances described the officers were clearly authorized to ar-

rest appellant and his companions without a warrant under the terms of Article 14.04, V.A.C.C.P.,[1] based upon probable cause alone. The search incident to that arrest was clearly authorized and the fruits thereof (the diamond rings) were admissible in evidence. Trammell v. State, Tex.Cr.App., 445 S.W.2d 190; Miller v. State, Tex.Cr. App., 442 S.W.2d 340; Houston v. State, Tex.Cr.App., 428 S.W.2d 353; Price v. State, Tex.Cr.App., 410 S.W.2d 778. Further, as we view it, Article 18.22, V.A.C.C.P. (permitting arrest to prevent the consequences of theft) also authorized the officers to arrest the appellant.

■ Under the terms of Article 14.04, supra, Sheriff Weatherby had probable cause to arrest the appellant. Based upon the radio message the Ector County Officers had probable cause to arrest appellant and his companions. The test as to probable cause is the information known to the officer who requests another officer to effect an arrest. See Miller v. State, supra; McDuff v. State, Tex.Cr.App., 431 S.W.2d 547; Weeks v. State, Tex.Cr.App., 417 S.W.2d 716; cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494; Jones v. State, 171 Tex.Cr. R. 608, 352 S.W.2d 270; Beeland v. State, 149 Tex.Cr.R. 272, 193 S.W.2d 687; Marsh v. United States, 5 Cir., 344 F.2d 317; Cf. Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833.

■ We reject appellant's claim that the search was illegal since the magic words of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not uttered by the officers prior thereto. No confession nor statement by appellant was taken or offered in evidence. Soon after the arrest and search the appellant was taken before a magistrate in the county of his arrest. See Articles 14.06 and 15.17, supra.

■ We cannot agree with appellant's contention that the search was not incident to a lawful arrest but was conducted prior to the actual arrest. Nevertheless, we call attention to the fact that the test of the validity of the search is whether the searching officers had probable cause. They do not have to arrest the defendant as a condition of making the search. They may search, find the contraband, and then arrest. Gutierrez v. State, Tex.Cr.App., 423 S.W.2d 593 and authorities there cited.

Grounds of error #1 and #2 are overruled.

In his third ground of error appellant contends the trial court erred in admitting "certain evidence" against him obtained by a search conducted under the guise of "an invalid consent" given by him.

■■ As we understand this claim, appellant has reference to the search of his person and automobile at the time he was apprehended on the highway and not to the subsequent search of his automobile the next day. The record does not show that the appellant consented to the search of his person and none was necessary. It does show that he orally consented to a search of his automobile but nothing was found as a result of such search. We need not here determine whether a search of the automobile was also authorized incident to the lawful arrest. Since nothing was offered into evidence as a result of such search appellant is in no position to complain. Further, the mere fact that appellant was under arrest when he consented to a search without a warrant does not render the consent insufficient or coerced or the search illegal. Feather v. State, 169 Tex.Cr.R. 334, 333 S. W.2d 851; Lucas v. State, Tex.Cr.App., 368 S.W.2d 605, cert. den. 375 U.S. 925, 84 S.Ct. 271, 11 L.Ed.2d 167.

1. "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

Ground of error #3 is overruled.

Lastly, appellant contends the court erred in admitting evidence that was obtained as a result of an illegal search of his automobile the day following his arrest while he was in jail. The search revealed a watch which was also determined to have been taken from the Cone Jewelry store.

Appellant relies upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed. 2d 777. Unlike Preston, however, appellant executed a written form of consent for the belated search after he had been warned of his rights by a magistrate under the provisions of Article 15.17, V.A.C.C.P.

Further, there was no objection to the sheriff's testimony as to the discovery of the watch or to the introduction of a photograph showing the watch and the two rings in question. Appellant's counsel also elicited testimony as to the subsequent search and the appellant's counsel thereto.

Still further, the appellant never sought to have the issue of his written consent to the search of his automobile submitted to the jury by objections to the court's charge or by requested charges, and no such instruction was given. Huggins v. State, Tex.Cr.App., 426 S.W.2d 855.

Ground of error #4 is overruled.

The judgment is affirmed.