Billy Charles **GREEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43985.

Court of Criminal Appeals of Texas.

Sept. 23, 1971.

Bill Jones, Mesquite, for appellant.

Henry Wade, Dist. Atty., James S. Moss, Asst. Dist. Atty., Dallas, and Jim P. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of robbery with firearms. The state filed its intention not to seek the death penalty. The punishment assessed by a jury was 40 years.

The record reflects that late on the evening of September 3, 1968, David Anderson, an employee of a 7–11 Grocery Store in Dallas, who was alone in the store, was "counting the money and getting ready to close out," when appellant and another man entered the store, produced pistols, and demanded money. Anderson was forced to open the safe while a pistol was held to his head. After rifling the cash register and forcing Anderson into the restroom, the two men fled with the proceeds and Anderson heard a car drive away.

The police were notified immediately, and several minutes later a patrolman who had received notification of the robbery and a description of the suspects, stopped a car containing appellant, his companion, and two women.

All four were then taken to the Dallas Police Department and, upon arrival, as one of the women was getting out of the car, several "rolls of bills fell on the floor." Subsequently, in the elevator, a police officer noticed a "bulge" around the collar bone area of one of the women who, upon request, took a pistol from her blouse and gave it to the officers. Both women later went behind a partition and gave the officers the rest of the money taken in the robbery, along with a second automatic pistol.

By his first ground of error, appellant contends: "This case should be reversed

because the Trial Court erred by refusing to grant appellant's motion for an instructed verdict."

This contention is not briefed and sufficient specificity is not shown to meet the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. See also Gano v. State, Tex.Cr.App., 466 S.W.2d 730; Frey v. State, Tex.Cr.App., 466 S.W.2d 576; Hammond v. State, Tex.Cr.App., 465 S.W.2d 748.

Appellant's first ground of error is overruled.

■ By his second and third grounds of error, appellant alleges his arrest was accomplished illegally and without probable cause.[1] Such contentions are without merit, as a radioed police broadcast reporting a felony and a description[2] of the suspects was sufficient to satisfy the requirements of probable cause. Art. 14.04 V.A.C.C.P.; Brown v. State, Tex.Cr.App., 443 S.W.2d 261.

The test for determining probable cause in this type of situation is the information known to the officer who requests another to make an arrest. Brown v. State, supra. In the instant case the requesting officer had satisfactory proof that a felony had been committed, that the offender was in the process of escaping, and that there was no time to procure a warrant. He also had a detailed description of the suspects.[3] Under our holding in Brown, supra, such information meets the test for determining probable cause.

The second and third grounds of error are overruled.

1. These contentions have also been brought to our attention by appellant's pro se brief.

2. Witness Anderson identified the appellant at the trial and testified that when the police arrived after the robbery he described both assailants to them. He told them that appellant " * * * had a T-shirt, white T-shirt on, and he had some white green cut-off three-quarter length pants, and he also had some san-

■ In his fourth ground of error appellant attacks the admissibility of the money and pistols, contending that they were produced of an unlawful search. He is in no position to complain, as these items were produced from the persons of the two female companions. Powers v. State, Tex.Cr.App., 459 S.W.2d 847; Jefferson v. State, Tex.Cr.App., 452 S.W.2d 462. Further, the record reflects oral consent by both women who voluntarily gave these items to the police. Galloway v. State, Tex.Cr.App., 420 S.W.2d 721; Garrett v. State, Tex.Cr.App., 400 S.W.2d 906.

Appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.

dals on, and his hair was a little fuller than it is now."

3. The arresting officer testified that: "The driver of the car had on a—I believe it was a goldsweater and slacks, and the other male in the back seat of the car had on a white T-shirt and kind of greenish cut-off pants, cut off at about the knees, and had on black sandals."