**Donald Ray BROWNING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45401.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 17, 1973.

---

1. Appellant's conviction was affirmed by this Court. See McKenzie v. State, 450 S.W.2d 341.

James A. Miles, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty. and Jerome L. Croston, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery with firearms; punishment was assessed by the jury at thirty years. This is a companion case to Green v. State, Tex.Cr.App., 470 S.W.2d 901.

The record reflects that the appellant and Billy Charles Green entered a 7–11 Grocery Store in Dallas on September 3, 1968; held a pistol to the head of David Anderson, the employee; committed the robbery and fled with the money they took. Appellant was positively identified at the trial by Anderson.

Initially, appellant asserts "that there was no probable cause for his arrest, and that the arrest, therefore, was illegal and the evidence seized as a result thereof, was inadmissible against him."

The evidence shows that immediately after the robbery the police were notified and a description of the robbers was broadcast over the police radio. Soon thereafter, a patrolman, who had heard the broadcast, observed an automobile speeding in a direction away from the grocery store. The appellant, two women and Green occupied the automobile. The appellant and Green met the description the officer had

received so he stopped the automobile and placed all four occupants under arrest. When they arrived at the Dallas Police Station, and as they were alighting from the car, $52.00 dropped from inside the skirt of the clothing of one of the women. Subsequently, in the elevator, a "bulge" was detected under the upper clothing of one of the women and, in response to a request by the officer, the woman handed over a pistol. Both women later went behind a partition in the station and removed from their clothing another pistol and the remainder of the loot taken in the robbery.

The same contention that is raised herein, i. e. that no probable cause existed for the arrest and the evidence seized was not admissible, was raised in the companion case of Green v. State, supra. We adhere to the holding therein as dispositive of appellant's first ground of error. We quote from *Green* where it is stated:

"Such contentions are without merit, as a radioed police broadcast reporting a felony and a description of the suspects was sufficient to satisfy the requirements of probable cause. Article 14.04, V.A.C.C.P.; Brown v. State, Tex.Cr. App., 443 S.W.2d 261.

"The test for determining probable cause in this type of situation is the information known to the officer who requests another to make an arrest. Brown v. State, supra. In the instant case the requesting officer had satisfactory proof that a felony had been committed, that the offender was in the process of escaping, and that there was no time to procure a warrant. He also had a detailed description of the suspects. Under our holding in Brown, supra, such information meets the test for determining probable cause.

"The second and third grounds of error are overruled.

"In his fourth ground of error appellant attacks the admissibility of the money and pistols, contending that they were produced of an unlawful search. He is in no position to complain, as these items were produced from the persons of the two female companions. Powers v. State, Tex.Cr.App., 459 S.W.2d 847; Jefferson v. State, Tex.Cr.App., 452 S. W.2d 462. Further, the record reflects oral consent by both women who voluntarily gave these items to the police. Galloway v. State, Tex.Cr.App., 420 S. W.2d 721; Garrett v. State, Tex.Cr. App., 400 S.W.2d 906."

Finally, appellant contends that the court erred in allowing the state to present, before the jury, hearsay testimony to attempt to prove probable cause. He complains specifically of three questions which were asked the arresting officer. They will be discussed separately.

■ The first question complained about: "And where was the armed robbery supposed to have taken place *at,* sir?"

A description of the robbers as well as the location of the robbery had been broadcast over the police radio, and even though the question called for evidence that was not within the witness' personal knowledge, the answer was not prejudicial to the appellant. David Anderson, the victim, had already testified and established that the robbery had been committed at his grocery store and had testified as to its location. Although the officer should have been asked whether he had received information that an armed robbery had been committed without asking where such was committed, under the facts of this case the asking as to the exact address was, at most, harmless error. See 5 Tex.Jur.2d, Appeal and Error —Criminal, Sections 420 and 430.

■■ The next question, "Did you subsequently receive any kind of description?" does not call for hearsay since it does not ask what the description was but only whether the officer had received a description. Further, the record reflects that when the witness started to go into the details of the description the trial judge halt-

ed the testimony and the question was rephrased to elicit a proper answer. Therefore, no hearsay was admitted and no error preserved.

 Objection to the third question was sustained by the court. The appellant having received all the relief he requested, no error is shown. See, e. g., Haywood v. State, Tex.Cr.App., 482 S.W.2d 855.

There being no reversible error, the judgment is affirmed.