**Donald Ray BROWNING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45385.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 17, 1973.

Abney, Burleson, Bondies, Conner & Mills, by James A. Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty. and Jerome L. Croston, Asst. Dist. Atty., Dallas and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; the punishment, enhanced under Article 62, Vernon's Ann.P.C., life.

The record reflects that the appellant and Billy Charles Green robbed Travis C. Lundy at a drive-in grocery store in Dallas, where Lundy was working as the assistant manager. The appellant and Green, in company with two women, were arrested as they were fleeing from a robbery which had been committed at a 7–11 Grocery Store in Dallas on the night of September 3, 1968. See Browning v. State, 488 S.W.2d 801 (this day decided) and Green v. State, Tex.Cr.App., 470 S.W.2d 901.

Appellant's first ground of error asserts "that there was no probable cause for his arrest and that the arrest, therefore, was illegal and the evidence seized as a result thereof was inadmissible against him."

This identical contention was disposed of in Browning v. State, supra, this day decided, and we overrule the same herein for the reasons set out in that cause, to which reference is here made.

Appellant's other contention in this cause asserts that "the trial court committed error in allowing one judge to hear the evidence, and a different judge, over objection of the defendant, to sit and hear the argument and prepare the charge of the second hearing in this case."

The record reflects that the Honorable Ed Gossett, Judge of Criminal District Court No. 5 of Dallas County, presided in this cause during the guilt-innocence phase of the trial and that the Honorable Louis

T. Holland, Judge of the 97th Judicial District, was assigned by the Honorable Dallas A. Blankenship, Presiding Judge, First Administrative Judicial District, to sit for Judge Gossett in the Criminal District Court No. 5 of Dallas County beginning on June 4, 1969. Judge Holland began sitting in Criminal District Court No. 5 of Dallas County at the beginning of the punishment stage of the proceedings in the case at bar, over appellant's objection. Punishment was set by the jury.

This court has consistently held that, absent an abuse of discretion, the substitution of judges during trial does not constitute reversible error. See, e. g., Floyd v. State, Tex.Cr.App., 1972, 488 S.W.2d 830; Joines v. State, Tex.Cr.App., 482 S.W.2d 205; Lavallas v. State, Tex.Cr.App., 444 S.W.2d 931. No abuse of discretion having been shown, we find appellant's contention to be without merit.

There being no reversible error, the judgment is affirmed.