**Billy Charles GREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45387.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Ralph Taite, Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Catharine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of robbery by assault and punishment was assessed at 30 years' confinement. Browning v. State, 488 S.W.2d 804 (Tex.Cr.App.1972) is a companion case. See also Browning v. State, 488 S.W.2d 801 (Tex.Cr.App.1972) and Green v. State, 470 S.W.2d 901 (Tex. Cr.App.1971).

Four grounds of error are alleged.

Travis Lundy testified that on August 26, 1968, he was employed as an assistant manager at a Seven-Eleven store located in Dallas, Texas. He stated that at approximately 9:45 p. m., two black men entered the store. Lundy testified that appellant approached the counter and told him to fix him a "Slurpee." Appellant handed Lundy a twenty dollar bill and as Lundy started to get change, appellant came over the counter with a pistol. At this point, the other man (Donald Ray Browning) approached Lundy also, and Lundy was forced to hand over the money from two cash registers and a store safe. Appellant caught Lundy by his arm and shoved him inside the store's vault. Lundy stated that from inside the vault, looking through a glass window, he observed the actions of the two men. Appellant's companion was seen as he tried to tear loose the money order machine. After the robbers drove off, Lundy exited the vault, waved down a car, and notified the police.

Appellant testified in his own behalf. He stated that he did not know or remember where he was or what he was doing on the night of August 26, 1968, but he did deny committing the robbery in question.

Officer D. F. Durham testified that eight days after the robbery, on September 3, 1968, while on duty as a Dallas police officer, he received an all-points bulletin relating to a robbery that had just been committed. Shortly thereafter, Durham observed an automobile containing two men and two women who kept turning around watching his patrol car. The automobile was headed in a direction away from the reported robbery at a high rate of speed. Because the occupants "looked suspicious" Durham stopped the vehicle and asked for identification from the driver, Donald Ray Browning. Browning complied. At this point, Durham noticed that the two men in the automobile precisely fit the description which had been given to him in the radio bulletin. Durham called for additional police units, and the occupants of the automobile were placed under arrest and transported to the basement parking area of the Dallas City Hall. A search of the two male occupants proved fruitless. However, Durham testified that as the four persons were stepping out of the car, he observed a roll of bills fall from beneath the dress of one of the women. The money was recovered, and the officers proceeded to transport the four persons upstairs. While in the elevator, Durham noticed a bulge in one of the women's dresses and asked her what it was. She replied, "Do you want this?", and took out a pistol which she turned over to Durham. A subsequent search of the two women turned up bags of money, another pistol, and

American Express money orders. These items were introduced into evidence over appellant's objection.

■ The admissibility of these items of evidence is the basis for appellant's first ground of error. We have disposed of this issue in the Browning cases, supra, and there we found the contention to be without merit. Appellant's first ground of error is overruled.

■ Appellant next argues that reversible error was committed when the prosecutor was allowed to question appellant concerning the conviction of appellant's co-indictee, Donald Ray Browning. On cross-examination of appellant, the prosecutor asked:

"Q   Okay.  Do you know this Donald Ray Browning quite well?

"A   Yes, sir, I would say pretty well.

"Q   Uh-huh.  Do you know whether or not he has been tried for this offense or not?

"A   Yes.

"Q   Do you know what he received on this offense?

"MR. TATE: We object to it as being irrelevant as to what he may have been tried or may not have been tried for or what he might have received by another jury.

"MR. NEIL: Your Honor, it is as to identification and alibi.

"THE COURT: Counsel, what he received would be immaterial.  You can ask him any questions that may tie him and Donald Ray Browning together but as to what happened to Donald Ray Browning would be immaterial.

"MR. NEIL: Okay."

However, on subsequent questioning, the following colloquy occurred:

"Q   But you know that he [Browning] was tried?

"A   Yes.

"Q   For this robbery of Mr. Lundy's 7-11 Store, is that right?

"A   Yes.

"Q   He was tried in this Court and you know that he was tried back on the sixth month, fourth day of 1969 before a jury, don't you?

"A   I don't know what day it was.

"Q   You don't know what day it was? He is up in jail now, isn't he?

"A   Yes.

"Q   And you can call him down if you want him as a witness, can't you?

"A   Yes."

We note that no objection to this latter testimony was made by appellant's counsel. The error, if any, was not properly preserved for review by this Court, and no reversible error is shown.  Crestfield v. State, 471 S.W.2d 50, 54 (Tex.Cr.App. 1971) cert. denied, 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed.2d 115 (1972); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972); Gaines v. State, 479 S.W.2d 678 (Tex.Cr. App.1972).

■ In ground of error #3, appellant contends that the trial court committed fundamental error in permitting the prosecution to introduce evidence that appellant was engaged in the commission of an extraneous offense at the time of appellant's arrest.  However, appellant makes no reference to a specific portion of the record wherein the alleged error occurred. Article 40.09, § 9, Vernon's Ann.C.C.P. Apparently, the alleged error took place when the prosecutor questioned appellant as follows:

"Q   Do you know a David Earl Anderson, a white male, age 19, that works out at 10244 East N.W. Parkway at a 7-11 store, Store #31?

"A   No, I don't know him.

"Q   You don't recall seeing him on September 3, 1968, a Tuesday at about 10:45 p. m.?

"A   No.

"Q You're positive about that too?

"A Yes."

The record reflects that appellant made no objection to this line of questioning in the trial court. See Sierra, supra at 264 of 482 S.W.2d; Golden v. State, 475 S.W.2d 273 (Tex.Cr.App.1971). Not until *defense counsel*, in his final argument, made reference to a second robbery, one which allegedly occurred on September 3, 1968, was the issue of an extraneous offense ever actually raised. Appellant's contention is without merit.

■ Appellant also alleges that reversible error was committed when the complaining witness, Lundy, was allowed to make an in-court identification of appellant. Appellant contends that such testimony was tainted by an unduly suggestive and fundamentally unfair line-up. Lundy testified that the four man line-up consisted of two white males and two colored males, and that the persons in the line-up were not of similar age and appearance. On this basis, appellant states that the line-up did not comply with United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Admittedly, the line-up probably did not meet the requirements as established in the above-cited cases. However, we need not reach that question. In Wade, it was held that in-court identifications would be admissible even though the line-up was improper if the in-court identification had an independent origin. See also, Fitts v. United States, 406 F.2d 518 (5th Cir.1969) cert. denied, 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77 (1970); Harris v. State, 453 S.W.2d 838, 840 (Tex.Cr.App.1970); Nielssen v. State, 456 S.W.2d 928 (Tex.Cr.App. 1970).

We note that in the instant case, an extensive hearing was held outside the presence of the jury, to determine the admissibility of the in-court identification. See Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969). At that hearing, Lundy, the complaining witness, testified that even if there had been no line-up, he would have had no trouble in identifying appellant in open court. The record reflects that Lundy had approximately five to eight minutes in which he viewed appellant during the course of the robbery. The careful trial judge found, in the absence of the jury, that the identification of the appellant by Lundy was untainted by the prior line-up. We have examined the record, and hereby conclude that the trial judge was correct in his findings.

The judgment is affirmed.