Walter Guy PILCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46606.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

**548**

Kerry P. Fitzgerald, Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for robbery by assault where punishment was assessed at 50 years.

The evidence shows that appellant and co-defendant, William Alexander Beam, entered the taxicab of Charles Dean and directed Dean to drive them to a wrecking yard located in Dallas. After arriving at the destination, appellant held a knife to Dean's throat, while Beam took a pistol and approximately $26.00 from Dean. The cab driver was bound, gagged, and left at the wrecking yard. Two Dallas police officers, Schwebel and Thaxton, were patrolling in the vicinity and received a radio dispatch reporting a possible robbery in progress. On arriving at the scene, the officers discovered Dean, and based on Dean's description of the robbers arrested appellant and Beam approximately two blocks from the wrecking yard, following a brief but violent struggle. The pistol taken from Dean was found on the person of Beam. The officers also found approximately $26.00 in his shirt pocket. A knife, identified by Dean as the one used in the robbery, was seized from the appellant.

The conviction against William Alexander Beam was affirmed by this Court on October 31, 1973. Beam v. State, 500 S.W.2d 802 (Tex.Cr.App.1973).

In his first ground of error appellant contends the trial court erred in admitting into evidence oral statements made by appellant and Beam after their arrest.

The record reflects that appellant and Beam were arrested, after a scuffle, approximately 300 yards from the scene of the robbery. Within two minutes after appellant and Beam were arrested and placed in the squad car, Beam said, "It was not my idea", whereupon Officer Schwebel asked appellant if he had anything to say. Appellant answered "he had nothing to say until he had conversed with a lawyer." It was stipulated that no Miranda warnings were given prior to the conversation.

We think the record clearly demonstrates that the statements made by appellant and Beam were made while the parties were laboring under the stress and

excitement of having been subdued and placed under arrest. Acts and declarations which are part of the res gestae are admissible notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is superior to, independent of, and not limited by rules relating to confessions or admissions made after arrest. Jones v. State, 458 S.W.2d 654 (Tex.Cr.App.1970).

Article 38.22, Sec. 1(f), Vernon's Ann. C.C.P., provides in part: "Nothing contained herein shall preclude the admissibility . . . of any statement that is the res gestae of the arrest or of the offense." Here, the officer's question to appellant was neither leading nor suggestive. We hold that the trial court had sufficient evidence to conclude that the statements were res gestae of the arrest. Miles v. State, 488 S.W.2d 790 (Tex.Cr.App.1972); Smith v. State, 474 S.W.2d 486 (Tex.Cr.App. 1971); Fowler v. State, 379 S.W.2d 345 (Tex.Cr.App.1964); Moore v. State, 400 S.W.2d 643 (Tex.Cr.App.1969); DeHart v. State, 468 S.W.2d 435 (Tex.Cr.App.1971).

■ Appellant complains next that the trial court erred in permitting the complainant to make an in-court identification of appellant because such identification was founded upon constitutionally infirm pretrial identification which was unnecessarily and unreasonably suggestive and conducive to mistaken identification.

A hearing was held outside the presence of the jury to determine whether the victim's identification of appellant was tainted by pretrial identification procedures. The testimony showed that the victim picked up appellant and Beam at a bus station; that he drove them for about 15 minutes before the robbery occurred; that he was bound; that he gave the police a reasonably accurate description of the two; and that he identified appellant and Beam when confronted with them at the scene. The record showed that the cab driver was shown photographs of the two just prior to the trial.

The victim testified during the hearing that he remembered the two because they were the men who robbed him and that viewing the photographs in no way refreshed his memory. The evidence shows that there was ample opportunity for Dean to view the appellant and Beam when they entered the cab, during the ride, upon arrival at the wrecking yard, and during the robbery. The identification occurred only a few minutes after the event. We think the evidence was sufficient to enable the trial court to conclude the in-court identification was of independent origin. Cunningham v. State, 500 S.W.2d 820 (Tex. Cr.App.1973); Thompson v. State, 480 S. W.2d 624 (Tex.Cr.App.1972); Watkins v. State, 452 S.W.2d 444 (Tex.Cr.App.1970); Garcia v. State, 472 S.W.2d 784 (Tex.Cr. App.1971); Perryman v. State, 470 S.W.2d 703 (Tex.Cr.App.1971), concurring opinion; Williams v. State, 477 S.W.2d 885 (Tex.Cr.App.1972); Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969).

■ The trial court did not enter written findings of fact, nor state into the record the reasons for admitting the identification testimony. As stated in Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App. 1969), this should be done by the trial court in cases such as this. However, we hold that the failure to enter written findings was not reversible error. This Court said in Williams v. State, 477 S.W.2d 885 (Tex.Cr.App.1972):

"While the better practice is to enter written findings, we do not feel that the failure to do so is reversible error, in the face of the evidence favoring admissibility. Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969). Since the trial court conducted a hearing on the issue, and since there was evidence to support a finding of admissibility, and an objection made to the finding; the trial court's action in overruling the objection was tantamount to a finding of admissibility as a fact."

See also Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App.1972).

Appellant argues that the trial court erred in admitting into evidence the testimony of Officer Schwebel concerning the search and seizure of items from the person of appellant and Beam, as well as the physical exhibits, because the testimony and physical exhibits were the product of an illegal arrest and illegal search and seizure.

■ Appellant has no standing to complain as to the money and pistol which were taken from the person of Beam. Green v. State, 370 S.W.2d 901 (Tex.Cr. App.1971); Browning v. State, 488 S.W.2d 801 (Tex.Cr.App.1972).

■ The evidence shows that a knife was taken from the person of appellant. The legality of the search depends upon the legality of the arrest.

On the evening in question, the arresting officer received a radio call concerning a robbery in progress. The officer went immediately to the wrecking yard where he observed the victim's cab, then found the victim nearby, bound and gagged. The officers removed the gag and received information from the victim that two white men, aged thirty to thirty-five, both wearing coats and one wearing dark pants, were the perpetrators of the robbery. Meanwhile, another officer arrived at the scene. This officer had just talked to two white males about a block from the scene who matched the description given. The officers then found appellant and Beam a short distance away and took them into custody after a struggle. During the struggle one of the officers felt a pistol, later identified as belonging to the victim, in the coat pocket of appellant's companion. A search of appellant revealed a knife, later identified by Dean as the one used in the robbery.

We think the officers had probable cause to believe that appellant had committed the robbery, and given the time and place of apprehension, there was no time to secure a warrant. Drake v. State, 432 S.W.2d 906 (Tex.Cr.App.1968); Branch v. State, 447 S.W.2d 932 (Tex.Cr.App.1969) cert. den. 403 U.S. 952, 91 S.Ct. 2287, 29 L.Ed. 2d 864; Johnson v. State, 466 S.W.2d 735 (Tex.Cr.App.1971); Chievers v. State, 481 S.W.2d 125 (Tex.Cr.App.1972). The arrest was valid and the personal search of appellant incident to his arrest was authorized. Price v. State, 410 S.W.2d 778 (Tex.Cr.App.1967); Newhouse v. State, 446 S.W.2d 697 (Tex.Cr.App.1969).

■ Appellant further complains that the trial court erred in overruling his request for a hearing out of the presence of the jury on the admissibility of certain evidence allegedly obtained in violation of his constitutional rights by an illegal search and seizure.

Appellant sought to suppress evidence of the knife, pistol and money which were taken either from appellant or Beam. His motion for a hearing on the admissibility of the items out of the presence of the jury was overruled. The trial court received testimony concerning the legality of the arrest and incidental search before the jury, and admitted the evidence over objection.

Appellant's position was recently overruled by this Court in Beam v. State, supra, where Judge Douglas, speaking for the Court said: " . . . we find no basis for extending the rule of Jackson v. Denno, the recognized authority in this jurisdiction governing the admissibility of confessions, to require out-of-court hearings on motions to suppress based on allegations of illegal search and seizure." Judge Douglas, speaking for the Court, pointed out, however, that where hearsay testimony is required to establish probable cause, such a hearing should be held outside the presence of the jury.

■ Appellant contends that hearsay testimony was introduced by the State while attempting to establish probable

cause and since such testimony was in the presence of the jury, reversible error was committed. Appellant argues that the trial court erred in admitting into evidence, over his objection, Officer Schwebel's testimony relating to the description given him by Dean of the two robbers at the scene of the robbery.

Hearsay information as to probable cause authorizing an arrest, which is reasonably calculated to prejudice the rights of a defendant before the jury, should be heard by the court but not by the jury. Ramos v. State, 395 S.W.2d 628 (Tex.Cr. App.1965); Wood v. State, 313 S.W.2d 615 (Tex.Cr.App.1958). The question to be decided here is whether the testimony is hearsay or admissible as res gestae.

 When officers Schwebel and Thaxton found Dean, he was lying face down, bound, gagged, and not moving. Dean initially made no response to the officers' presence because he thought the robbers had returned, and only began to talk after the officers identified themselves. Dean testified that he had been placed in fear of his life during the robbery, had been threatened with death if he "squealed", and had been struck on the head and dazed. We hold that the testimony was admissible as res gestae. Beam v. State, supra; Ricondo v. State, 475 S.W.2d 793 (Tex.Cr. App.1971); Evans v. State, 480 S.W.2d 387 (Tex.Cr.App.1972); Norwood v. State, 486 S.W.2d 776 (Tex.Cr.App.1972).

In his last two grounds of error appellant complains of the trial court's comments upon the weight of the evidence and the conduct of counsel. We think the remarks were improper. We do not, however, think that the remarks made by the trial court constituted reversible error. In Joshlin v. State, 488 S.W.2d 773 (Tex.Cr. App.1972) this Court held that before the court's comments would constitute reversible error there must be found in the remarks a benefit to the State or an injury to the accused. We find neither such benefit nor such injury in the court's remarks.

See Article 38.05, Vernon's Ann.C.C.P.; Smith v. State, 446 S.W.2d 317 (Tex.Cr. App.1969).

We have considered all grounds of error and all are overruled. The judgment of the trial court is affirmed.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., concur in the results.