**Omar YBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–045–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 20, 1993.

Glen A. Barnard, Harlingen, for appellant.

Luis V. Saenz, John A. Olson, County (Crim. Dist.) Attys., Brownsville, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The trial court convicted appellant of possession of less than 28 grams of cocaine, and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine. By two points of error, appellant complains of the trial court's admission of evidence and finding of guilt. We affirm.

Appellant, Omar Ybarra, was arrested for possession of cocaine as a result of a "sting" operation by La Feria Police officers in conjunction with Jose Del Castillo. Earlier in the evening, the La Feria Police had arrested Del Castillo for possession of cocaine. In exchange for Del Castillo's assistance in apprehending appellant, his alleged supplier of cocaine, the La Feria Police agreed not to prosecute Del Castillo. The police gave Del Castillo two twenty-dollar bills to purchase cocaine from appellant. The bills were photocopied before leaving the police station. Del Castillo was instructed to "signal" to the officers that he had purchased the cocaine by placing his hands in his pockets.

Before leaving the station, the officers searched Del Castillo and his automobile to ensure that he possessed no more controlled substances. With the police following, Del Castillo proceeded to a duplex where the drug sale was to occur.

At the duplex, appellant and Del Castillo walked to appellant's car and got in. A few minutes later, Del Castillo exited the car, "signalled" the police that the purchase was complete, then began running. Based on Del Castillo's signal, appellant was immediately placed on the ground and hand-cuffed. An officer caught Del Castil-lo, who handed over a plastic baggie containing a white powdery substance and stated that appellant had the "forty bucks." Appellant was formally taken into custody when the officer who received the baggie from Del Castillo notified the other officers by radio that he had "the narcotics."

Del Castillo was not available to testify at trial. None of the officers testified that they witnessed appellant in possession of cocaine, or engaged in any other illegal activity. Furthermore, no cocaine was found in appellant's car. However, the officers seized the two twenty-dollar bills they had given to Del Castillo from the crotch of appellant's shorts.

In his first point of error, appellant complains that the trial court erred in admitting into evidence the photocopies of the two twenty-dollar bills. Appellant's trial objection to the introduction of the photocopies was based on the best evidence rule, because the prosecution did not have possession of the actual twenty-dollar bills. *See* TEX.R.CRIM.EVID. 1002. However, on appeal, the only argument offered to show that the trial court erroneously admitted the photocopies is that appellant's arrest was illegal, unlawful and without probable cause such that the fruits of the search of his person should have been suppressed.

■ To preserve a complaint for appellate review, a party must have objected at the trial court level, informing the trial judge of the specific grounds for the objection. TEX.R.APP.PROC. 52(a). If an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved error for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986); *Baldonado v. State*, 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd). Because appellant's trial court objection differs from his complaint on appeal, appellant's first point of error is overruled.

■ Appellant argues in his second point of error that the trial court erred 1) in denying appellant's motion to suppress the introduction of the baggie of cocaine into

evidence, and 2) in its finding of guilt, because the record contains no evidence or insufficient evidence of possession of cocaine. Because they are sufficiently discernable, we will address both of appellant's legal theories. However, "by combining more than one legal theory in a single ground, an appellant risks rejection on the ground that nothing is presented for review." *Thomas*, 723 S.W.2d at 697, n. 2.

At trial, appellant objected to the admission of the baggie of cocaine on the grounds that the baggie was obtained without either a search or arrest warrant, and because the police had no probable cause to arrest appellant "or anybody else." The State can challenge a defendant's standing to complain of an illegal search or seizure for the first time on appeal. *Angel v. State*, 740 S.W.2d 727, 729 (Tex.Crim.App. 1987); *Wilson v. State*, 692 S.W.2d 661, 671 (Tex.Crim.App.1984) (opinion on reh'g). A defendant has no standing to complain about the admissibility of evidence produced from other persons. *Pilcher v. State*, 503 S.W.2d 547, 550 (Tex.Crim.App. 1974); *Browning v. State*, 488 S.W.2d 801, 803 (Tex.Crim.App.1973); *Green v. State*, 470 S.W.2d 901, 902 (Tex.Crim.App.1971).

The record reflects that Del Castillo, and not appellant, produced the baggie of cocaine that was admitted into evidence. Thus, defendant had no standing to challenge its admissibility on the grounds that it was acquired without a search or arrest warrant. *Pilcher*, 503 S.W.2d at 550; *Browning*, 488 S.W.2d at 803; *Green*, 470 S.W.2d at 902.

Appellant's second legal theory in this point of error is a sufficiency challenge. The duty of an appellate court when reviewing a sufficiency point of error in a case built on circumstantial evidence is the same as one built on direct evidence. The reviewing court determines whether the evidence, when viewed in the light most favorable to the verdict, would allow a rational trier of fact to find every essential element of the crime beyond a reasonable doubt. *Geesa v. State*, 820 S.W.2d 154, 160 (Tex.Crim.App.1991). In an unlawful possession of a controlled substance case, the State must prove that the accused exercised care, control, and management over the substance and that the accused knew the matter possessed was contraband. *Edwards v. State*, 807 S.W.2d 338, 339 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R.CRIM.EVID. 801(d). A statement includes "nonverbal conduct of a person, if it is intended by him as a substitute for verbal expression." TEX.R.CRIM. EVID. 801(a)(2). One of the primary purposes of the rule against hearsay is that it forces the declarant to submit to cross-examination, the "greatest legal engine ever invented for the discovery of truth." *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970). Hearsay is not admissible unless it falls within an exception to the rule; however, unobjected-to hearsay is considered in a sufficiency analysis. TEX.R.CRIM.EVID. 802. Moreover, in order to preserve a complaint for appellate review, a party must make a timely objection. TEX.R.APP.P. 52(a).

The entire body of evidence offered by the State to prove that appellant was in possession of cocaine was based on hearsay evidence. By putting his hands in his pockets to signal that the alleged transaction was complete, and by stating, "He has the forty bucks," when he handed the baggie of cocaine to the arresting officer, Del Castillo asserted that appellant had been in possession of cocaine.

Appellant contends on appeal that he objected to the admission of the baggie of cocaine on hearsay grounds. At trial, appellant asserted that admitting the baggie of cocaine into evidence without also producing Del Castillo to testify at trial deprived him of his constitutional right to cross-examination. We need not reach the question of whether appellant's trial objection was sufficient to preserve error for appellate review on hearsay grounds, because the record reflects that appellant's

trial objection was not timely. Appellant objected to the admission of the baggie of cocaine while the chemist for the state was testifying, and not when the arresting officer repeated appellant's nonverbal hearsay. Thus, the objection was not timely, and any error was not preserved for appellate review. TEX.R.APP.P. 52(a). Accordingly, we must consider Del Castillo's nonverbal assertions that appellant possessed cocaine in our sufficiency analysis. TEX.R.CRIM.EVID. 802.

The record reflects that the police searched Del Castillo and his automobile for controlled substances before he left the police station and found none. An officer followed Del Castillo to appellant's dwelling. After walking with appellant to appellant's car, and sitting in the car for several minutes, Del Castillo exited the car and gave the prearranged signal that the transaction was complete. The officers arrested appellant and found in his possession the two twenty-dollar bills given to Del Castillo to purchase the cocaine. Del Castillo handed the baggie of cocaine to an officer and said, "He has the forty bucks," suggesting that he had acquired the cocaine from appellant.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant exercised care, control, and management over the baggie of cocaine. *Geesa*, 820 S.W.2d at 160; *Edwards*, 807 S.W.2d at 339. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.