**Bobby Dee LUCKY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44031.**

Court of Criminal Appeals of Texas.

July 28, 1971.

Rehearing Denied Oct. 20, 1971.

———◆———

Evans, Marshall & Ribak by William W. Morris, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White, Jules Sterling and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. The punishment was assessed by the jury at five years.

The record reflects that a package of heroin was taken from the appellant after he had placed it in his mouth at the time of the arrest.

The two complaints are that the arrest and search were not based on probable cause and that the court refused to instruct the jury on the legality of the arrest.

The arrest of the appellant and Horace Howard, Jr. (driver of the automobile) was made without a warrant by Officers Dotson, Clark and Westbrook of the San Antonio Police Department.

A motion to suppress the evidence was heard and the appellant objected to the testimony and the evidence at the time of the trial. Officer Westbrook testified at the motion to suppress the evidence that he received information from an informer that two men were about to leave the Briscoe Hotel in San Antonio in a gray 1965 Mustang automobile with heroin and narcotic paraphernalia. The license number of the Mustang and a detailed description of the men and their clothing were given by the informer. Officer Westbrook further testified that he had received information from the informer before and it turned out to be correct. He and Officers Dotson and Clark arrived at the hotel within ten or fifteen minutes and there they saw the appellant and Howard getting into a gray Mustang automobile that fit the description given by the informer. He further testified that he did not have time to get a warrant for their arrest.

Officer Clark testified that he was with Officers Westbrook and Dotson and that he and Dotson went to the appellant on the passenger side of the Mustang. When Dotson placed his hand in the car, the appellant started to roll up the window on Dotson's arm. Clark then kicked the window out. The appellant put something in his mouth. Clark then grabbed appellant by the back of the neck, pushed his head down and ordered the appellant to spit out the package. He did so and the officers seized the package which contained heroin. Narcotics paraphernalia or a "rig," consisting of an eyedropper with an attached rubber bulb, a hypodermic needle and a bottle cap cooker was found in a pocket of the appellant. A "rig" was also found in Howard's possession.

The trial court had sufficient evidence to conclude that the officers had

probable cause to make the arrest without a warrant. The facts are somewhat similar to those in Rangel v. State, Tex.Cr. App., 444 S.W.2d 924, which this Court held sufficient to establish probable cause. There the informer who had previously given information which had proved to be correct told the officers that the accused was selling heroin at a certain place and was about to sell out. See also Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921.

In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, the Supreme Court held that information from an informer who described Draper with particularity and reported that Draper was dealing in narcotics and that he would arrive on a certain train with narcotics was sufficient to show probable cause.

The contention that the arrest was illegal is overruled.

 Next, complaint is made because the court refused to include an instruction to the jury as provided in Article 38.23, Vernon's Ann.C.C.P.:

"In any case where the legal *evidence raises an issue hereunder*, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." (Emphasis supplied)

Appellant objected throughout the trial to the admission of evidence based on the allegation that the arrest was illegal. He also requested an instruction to the jury on this issue.

We discussed this provision of Article 38.23, supra, in Rose v. State, Tex.Cr.App., 470 S.W.2d 198, and concluded that unless a fact issue is raised, e. g., by witnesses to controvert the testimony of the officers or by cross-examination, no instruction to the

jury on the legality of the arrest need be given. This follows the very wording of the statute. The evidence here raises no controverted fact issue to be submitted to the jury.

No reversible error has been shown. The judgment is affirmed.

ODOM, J., not participating.