Merle Howard POTTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46551.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

**524**

————◆————

M. Bruce Fort (on appeal only), Texas City, for appellant.

Jules Damiani, Jr., Dist. Atty., and Ronald L. Wilson, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The offense is indecent exposure to a person under the age of sixteen (16) years; the punishment, assessed by a jury, fifteen (15) years.

All three of appellant's grounds of error are interwoven and relate in some way to the admission into evidence of certain photographs (State's Exhibits # 5 to 21), which he contends were seized as a result of an illegal search. He urges that the court erred in overruling his motion to suppress and in subsequently admitting, over objection, the photographs in question since he did not voluntarily and knowingly consent to the search, that he was at the time under illegal arrest and detention under an unconstitutional statute.

Prior to trial a hearing was held on appellant's motion to suppress. At the hearing Jack Dawson, a Galveston police officer, testified that at 2:30 p. m. on January 9, 1972, he was approached by four young girls and given a photograph of a young girl posing in the nude. The girls directed Dawson to Room 133 at the Sea Horse Motel in Galveston and gave him the description of a man "that was in the room." Having seen the man at the room matching the description given, Officer Dawson, along with his sergeant, entered the room after being invited inside by appellant and saw D—— L—— W——, the twelve year old girl depicted in the photograph, and T—— L—— R——, the five year old girl named in the indictment. Questioning of the appellant disclosed that he knew the girls very well and that he was baby-sitting for their parents. After obtaining the names and addresses of the girls' parents, Officer Dawson contacted D—— L—— W——'s mother, displayed the photograph and informed her of the circumstances. Upon the mother's request to return her daughter, Dawson located appellant with the girls and asked that they accompany him to the police station. Before they left for the station, Dawson allowed D—— L—— W—— to call her mother. She returned crying and told the appellant that "they have the pictures." The girls accompanied appellant as he drove his car to the station, where at approximately 3:30 p. m. he was advised of his rights in full compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He was then charged with vagrancy under Article 607, Sec. 16, Vernon's Ann.P.C., "until the investigation was completed."

On the following day, January 10, 1972, at approximately 8 a. m., the appellant was taken before a municipal judge who informed him he was charged with vagrancy, and ascertained from the officers he had been warned. It appears that the judge gave no warnings to the appellant of his

rights. Cf. Article 15.17, Vernon's Ann.C. C.P. Then at 12 p. m. Dawson again warned appellant of his Miranda rights and asked him to sign a "waiver of search" form as they had information there were more pictures and that the parents wanted to retrieve the girls' clothing at the motel. After having the consent form read and explained to him, appellant acknowledged that he understood it, signed the "waiver" and stated that "there is nothing else in the room."

The written instrument signed by appellant in the presence of two witnesses was in evidence as follows:

WAIVER OF SEARCH

STATE OF TEXAS
COUNTY OF GALVESTON

__1–10–72__
(DATE)

__#133 Seahorse Motel__
(LOCATION)

I, M. H. Potts, having been informed of my constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant, and of my right to refuse to consent to such a search, hereby authorize Officer J. Dawson, an Officer of the Galveston Police Department, to conduct a complete search of my premises located at #133 Seashore Motel, in the City of Galveston, Galveston County, Texas. This Officer is authorized by me to take from my premises any letters, papers, materials or other property which they may desire. This written permission is being given by me to the above named police officer voluntarily and without threats or promises of any kind.

(Signed)
M. H. Potts

WITNESSES:    R. Rubio
                O. T. Ekelund, Jr.

A search of the motel room was then conducted, and, in addition to the clothing found in the living room, numerous nude photographs of appellant and the girls were discovered in a brown zipper case placed in the closet.

The fifty-four year old appellant testified in his own behalf and acknowledged that he was a "Second Engineer" on a ma-

rine vessel, licensed by the government, that he had had to pursue a course of study for such position and understood the English language. He admitted he had been warned of his rights, that he signed the consent form after it had been read to him, but related he did not have his eyeglasses and did not understand what he signed since the officers represented to him that their sole intent was to go to the motel room to retrieve the girls' clothing which their parents had requested. He also testified he had consented to a search of his automobile by the officers, which consent he does not now question.

At the conclusion of the hearing, the trial judge denied the motion to suppress and made written findings which were filed among the papers of the cause.[1] In such findings the judge found "beyond a reasonable doubt that after being warned of his rights, appellant knowingly, intelligently, voluntarily, and without coercion consented to the search in question."

As earlier noted, appellant contends the trial court erred in denying the motion to suppress because his consent to search was not knowingly and voluntarily given.

■ The protections afforded against unreasonable searches and seizures may, like other constitutional rights, be waived. Katz v. United States, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967); 51 Tex. Jur.2d, Part 1, Searches and Seizures § 42, p. 720. By consenting to a search, an individual may waive his constitutional right and dispense altogether with the necessity of a warrant.

■ It is well settled that before the consent is deemed effective the prosecution must prove by clear and convincing evidence that the consent was freely and voluntarily given, Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); Paprskar v. State,

1. Such practice is to be commended. The trial judge, the Honorable Wesley Dice, with vast experience both upon the trial bench and as an appellate judge on this court, was obviously aware of the value of such findings and made the same a part of the record.

484 S.W.2d 731 (Tex.Cr.App.1972), and neither physically nor psychologically coerced. 51 Tex.Jur.2d, Part 1, Searches and Seizures § 42, p. 722. See also Phelper v. Decker, 401 F.2d 232 (5th Cir. 1968).

■ In the instant case, the arresting officer informed the appellant that he had a right not to have a search made of his premises without a search warrant and of his right to refuse to consent to a search of his motel room. Though such warning is not required nor essential, the showing of a warning is of evidentiary value in determining whether a valid consent was given. Allen v. State, 487 S.W.2d 120 (Tex.Cr.App.1972); Cole v. State, 484 S. W.2d 779 (Tex.Cr.App.1972); DeVoyle v. State, 471 S.W.2d 77 (Tex.Cr.App.1971).

■ Under the totality of the circumstances, we find the consent given by appellant to search his premises to be an intelligent, knowledgeable waiver without coercion. Appellant's contention that the officers left the "impression" with him that they were only returning the girls' clothing to the parents was resolved against him by the court. The consent was valid. Bennett v. State, 450 S.W.2d 652 (Tex.Cr.App.1970); Garrett v. State, 400 S.W.2d 906 (Tex.Cr.App.1966); DeVoyle v. State, supra; Bradley v. State, 489 S. W.2d 896 (Tex.Cr.App.1973). The trial court's findings are supported by the record, and it did not err in overruling the motion to suppress.

Nevertheless, appellant contends that he was incarcerated under an unconstitutional statute, and for that reason his consent was illegally obtained and the fruits of the search improperly admitted into evidence.

It is apparent from the record that the appellant was arrested and charged with vagrancy approximately two months prior to the time this court held certain sections (1, 2, 3, 4, 10 and 12) unconstitutional. See Baker v. State, 478 S.W.2d 445 (Tex. Cr.App.1972). However, Section 16 of the statute (Article 607, Vernon's Ann.P.C.) was not affected by such decision.

■ Still further, an arrest under a statute which is subsequently declared unconstitutional does not automatically render the previous arrest and detention illegal absent some showing that the police lacked a good faith belief in the validity of the statute. See United States v. Kilgen, 445 F.2d 287 (5th Cir. 1971).

There was no showing that the arresting officer lacked good faith belief in the statute's validity.

Appellant further urges that his incarceration under the vagrancy charge of "lewdness" constituted an investigatory detention which tainted his consent to search, and that the fruits of the search should have been excluded under Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed. 2d 676 (1969); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); and Woods v. State, 466 S.W.2d 741 (Tex.Cr.App.1971).

The State on the other hand contends that the arrest and detention were lawful since the officers had sufficient information to constitute probable cause that he was engaged in "lewdness" under the vagrancy statute. Article 607, § 16.

The State further argues that the events which followed the arrest, including the intervention of time, the absence of coercion and the warnings given by the arresting officer are sufficient to demonstrate that the written consent was a free and voluntary act of the appellant. We agree.

■■ The fact that a person is under arrest does not, in and of itself, prevent a free and voluntary consent from being given. Valerio v. State, 494 S.W.2d 892 (Tex.Cr.App.1973); Weatherly v. State, 477 S.W.2d 572 (Tex.Cr.App.1972); Brown v. State, 443 S.W.2d 261 (Tex.Cr.App. 1969). Further, even assuming that the arrest and detention were illegal, appellant's consent to search, voluntarily made,

"dissipated the taint of the arrest" and made the fruits of the search admissible into evidence. Phelper v. Decker, supra. Cf. Lacefield v. State, 412 S.W.2d 906 (Tex.Cr.App.1967).

The judgment is affirmed.