Virgil Lee MERRIWEATHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46663.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

Bill A. Davis, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., and Bob Odom, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction of robbery by firearms; the punishment was assessed at thirty (30) years.

Appellant contends in his initial ground of error that "the district court erred in overruling defendant's objection to the introduction of the ring into evidence where there was no probable cause shown for the search and seizure by the arresting officers that produced the ring."

Prior to trial, a hearing was held on appellant's motion to suppress evidence. Since the constitutional validity of a warrantless search can only be decided in terms of the concrete factual situation presented by each case, Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 2d 917 (1967); Brown v. State, 481 S.W. 2d 106, a thorough recitation of the facts developed at the aforementioned hearing and at the trial is necessary.

On April 28, 1971, at about 10:00 A.M., two black males dressed as females entered the House of Alexander, a jewelry store

located in Lubbock and, under the threat of firearms, proceeded to rob that establishment of jewelry worth approximately $112,000.

Mr. Alexander and two female employees were bound and gagged during the course of the robbery. After gathering the jewelry, the robbers left in an automobile parked near the jewelry store.

Immediately following the robbery, Lubbock Police Sergeant Hargrave obtained a description of the vehicle the robbers had used and he also obtained a description of the two robbers. Hargrave had the description of the getaway car, a 1962 brown and white Buick, four-door, and a general description of two black males dressed in female clothing broadcast over the police radio. Shortly after having caused this broadcast to be placed, Hargrave learned from one of the witnesses to the robbery that she recognized one of the robbers because he had approached her for a few days prior to the robbery to buy advertising in a local newspaper, and that his name was Virgil Merriweather. Hargrave then obtained a number of pictures of different individuals and the witness identified appellant as the robber. Hargrave then broadcast appellant's name on police radio as a suspect in the robbery.

Approximately two hours after the robbery, Lubbock Police Officers Bauman and McCandless observed a vehicle matching the general description of the automobile involved in the robbery approaching a stop sign at the intersection of 24th Street and Quirt Street. The officers noticed that the brake lights on the '62 Buick were defective. On the basis of the conclusion that the car was the one involved in the robbery and the traffic violation, Bauman and McCandless stopped the vehicle and approached it. Appellant was the driver of the car. Appellant provided his driver's license and Officer Bauman conducted a warrant check on appellant. Pursuant to this check Bauman was told that there was an outstanding traffic warrant for appellant. Appellant was then placed under arrest on the basis of the traffic violation, the outstanding warrant and suspicion of robbery. Bauman testified that following the arrest the officers searched appellant. During the search, appellant was required to remove his boots, and, as a result, a gold ring with twelve diamonds was found in his left boot, identified at the trial as part of the stolen jewelry.

Bauman and McCandless both stated that they believed that they had apprehended two suspects for armed robbery and thought that the suspects might possess weapons, and as a protective measure they conducted a weapons search.

After appellant's arrest, the passenger in the car informed the officers that appellant had come from a particular address in Lubbock prior to the arrest. The officers went to the apartment and obtained a written consent to search from the tenant who rented the apartment, Mary Robinson. In the apartment appellant's co-defendant was arrested and some of the proceeds of the robbery were found including the women's clothing worn by the robbers.

Appellant asserts that the arresting officers had only a mere suspicion that appellant was involved in the robbery and that no probable cause existed for the warrantless arrest and search of appellant.

While the inarticulate hunch, suspicion, or good faith of an arresting officer is insufficient to constitute probable cause, Sibron v. New York, supra; Brown v. State, Tex.Cr.App., 481 S.W.2d 106, the facts and circumstances in the instant case warranted appellant's arrest. The officers testified that the vehicle appellant was driving had defective taillights and that the arrest was predicated on that fact plus the fact that the vehicle matched the description of the car involved in the robbery. Following the detention of appellant, the officers learned of an outstanding warrant authorizing appellant's arrest for an-

other traffic offense.[1] Appellant and his vehicle were searched. The arrest and search of appellant were authorized. Art. 6701d, Sections 111, 153, Vernon's Ann. Civ.St.

■ We are not faced with a search of appellant's vehicle incident to an arrest for a traffic violation. The issue is whether the search of appellant's person incident to the arrest was justified. It is well settled that when an officer sees a person violating a traffic law, he is authorized to stop him and incident to that arrest to search his person. Wallace v. State, Tex.Cr.App., 467 S.W.2d 608; Ciulla v. State, 434 S.W.2d 948 (Tex.Civ.App.) and cases there cited. Cf. Amador-Gonzalez v. United States, 391 F.2d 308, 316 (5th Cir. 1968).

Appellant contends that the search of appellant exceeded the permissible scope articulated in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Appellant's reliance on *Chimel,* supra, is misplaced. In Chimel, supra, the Supreme Court specifically stated:

"It is reasonable for the arresting officer 'to search the person arrested in order to recover any weapons that the latter might seek to use in order to resist arrest or effect his escape . . .' And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a dawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. . . ." Chimel, supra, at 763, 89 S.Ct. at 2040.

■ However, in Chimel, supra, the warrantless search included Chimel's entire house, including the drawers in his bedroom, the garage and workshop. The search went far beyond his person and the area within which he might have obtained weapons. In the instant case, the search was limited to appellant. The officers were not only investigating a traffic offense but also were investigating persons fitting the description of suspects in an armed robbery occupying a car described as being used in the robbery.

The arresting officers testified that it was standard procedure to search a person under arrest before he was taken to the police station and that it was normal to search a person's shoes for a concealed weapon. Appellant also admitted that a knife could possibly be concealed in his boot. We hold that the officers were reasonably justified in conducting a search of appellant's boot as a weapon could have been concealed therein. Chimel v. California, supra.

■ The fact that the diamond ring was found in appellant's boot rather than a concealed weapon does not render the evidence inadmissible. Since the search was reasonable, then the finding of the ring, totally unrelated to the purpose of the search, would be admissible. Seizable items, such as instruments of crime or contraband which come into the possession of an officer lawfully searching in connection with another crime or for another purpose, may be retained and used in the prosecution of the crime to which they relate. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Taylor v. State, 421 S.W.2d 403.

The officers had probable cause to arrest appellant irrespective of the traffic arrest and the weapons search incident thereto.

■ The test for determining probable cause in this situation is the information known to the officer who requests another officer to effect an arrest. Brown v. State, Tex.Cr.App., 443 S.W.2d 261, and cases there cited. Based upon the radioed police broadcast, Bauman and McCandless had probable cause to arrest appellant. The officers had satisfactory proof that a felony had been committed, and that the

1. A warrant for failure to appear was outstanding for the arrest of appellant.

offender had escaped. The officers had a description of the getaway car and a general description of the robbers with the possibility that female clothing would also be found. Under our holding in Brown v. State, Tex.Cr.App., 443 S.W.2d 861, and Green v. State, Tex.Cr.App., 470 S.W.2d 901, we hold that the information meets the test for determining probable cause. Art. 14.04, Vernon's Ann.C.C.P. Cf. Talbert v. State, Tex.Cr.App., 489 S.W.2d 309; Honeycutt v. State, Tex.Cr.App., 499 S.W.2d 662.

■ Appellant also argues that since the outstanding warrant for appellant's arrest was defective the arrest and subsequent search of appellant were illegal. This argument need not be considered because the trial court ruled that the outstanding warrant was defective and that it would not be considered for any cause for the arrest and search of defendant. We note, however, that when Officer Bauman requested a warrant check and learned of an outstanding warrant on appellant he did not know the warrant was defective on its face. There is no intimation that Officer Bauman acted in bad faith. A search incident to an arrest valid on one ground is not an illegal search merely because the arrest would be invalid if supported only by a faulty warrant. Hamrick v. State, Tex. Cr.App., 495 S.W.2d 256; United States v. Wilson, 451 F.2d 209, 215 (5th Cir., 1971). See also Potts v. State, Tex.Cr.App., 500 S.W.2d 523, (1973).

The trial court did not err in admitting the ring into evidence.

Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in failing to charge the jury to disregard all evidence seized as a result of the search unless they found that the search was based on probable cause, as requested by appellant. Appellant relies on Art. 38.-23, V.A.C.C.P., which reads:

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or had a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

Article 38.23, V.A.C.C.P., is applicable only when an issue of fact is created by the evidence of probable cause. McElwee v. State, Tex.Cr.App., 493 S.W.2d 876; Lucky v. State, Tex.Cr.App., 471 S.W.2d 81. In the instant case, the court set out the exact basis for its ruling that probable cause existed. Probable cause existed because two black males, at least one of whom met the general description of the robber, were riding in a vehicle that matched the description of the vehicle used in a robbery. Additionally, the fact that the robbers were armed gave the officer reasonable grounds to search the occupants of the vehicle for weapons. Although appellant attempted to raise a fact issue concerning whether the taillights on the vehicle were operative and the fact that descriptions of other vehicles were also broadcast on the police radio, the facts used by the court to determine probable cause were uncontroverted. McElwee v. State, supra.

The court did not err in denying appellant's requested charge.

The second ground of error is overruled.

Appellant's third ground of error alleges that "the district court erred in not granting defendant a new trial for the reason that appellant has been denied a full statement of facts upon which to appeal."

The appellant contends that he has been denied a complete statement of facts on the grounds that the court reporter failed to transcribe the police "radio tape" which was introduced in evidence by appellant, and which was played before the jury for the purpose of pointing out what radio dispatches were received by the arresting officers.

Appellant filed a pauper's affidavit alleging that he was unable to pay for a statement of facts and the court reporter commenced a preparation of the statement of facts. In the designation of record on appeal, appellant's counsel requested that the evidence from the Lubbock police radio tape introduced by appellant at the trial be transcribed into the statement of facts. It is the failure to transcribe this tape into the record of which appellant complains. The court reporter prepared a statement of facts of the hearing to which appellant's counsel objected for the reason that a transcription of the police radio tape was not included in the record. This statement of facts included only references that the tape was played at particular stages in the proceedings, but that transcription was impossible.

The record reflects that on many instances during the testimony of Officer Keaton, the custodian of the tapes, the court reporter made entries similar to the following:

"(Police radio tape played, but because of static and background interference, transcription by Court Reporter is impossible)."

Therefore, the statement of facts as submitted fails to contain transcription of the tape verbatim. However, the tape in question was forwarded to this Court as a part of the record.

On September 10, 1972, pursuant to Article 40.09, Section 7, V.A.C.C.P., a hearing was held on defendant's objections to the record.

After the hearing, the trial judge entered the following order:

"WHEREAS, it came on to be heard in this Court on the 18th day of September, 1972, the defendant's objections to the record, and

"WHEREAS, the Court is of the opinion that although defendant has exercised due diligence to obtain a transcription of a certain police radio tape which was played before the jury at trial, and

"WHEREAS, the Court is of the opinion that certain isolated words of said radio tape were intelligible to the jury but most of it was not, and

"WHEREAS, said radio tape is impossible to transcribe;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant's objections to the record for reason of failure to include a transcription of the police radio tape is hereby overruled.

"WITNESS MY HAND on this the 18th day of September, 1972."

■ The record reflects that appellant was not denied a full statement of facts, as he contends. Only the transcription of the radio tape introduced by appellant was absent from the record, but the tape is a part of the record. Hartgraves v. State, Tex. Cr.App., 374 S.W.2d 888, and the cases cited therein are, therefore, not applicable in the case at bar. The findings and adjudications in the order shall be final if supported by evidence. Article 40.09, Section 7, supra.

We conclude that the court has caused the record to speak the truth. The order is supported by the court reporter's entries in the record that the tape was impossible to transcribe. Even after appellant's diligent efforts, no transcription has been submitted to this Court.

■ Finally, assuming arguendo that the failure of the court reporter to transcribe the tape is error, the error is harmless in light of our disposition of the first ground of error. Appellant's arrest was legal and the search incident thereto was permissible upon the basis of the facts and circumstances within the knowledge of Officers McCandless and Bauman as reflected by their testimony. Viewing this testimony in a light most favorable to the State, the evidence also established probable cause.

 

The third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I concur in the affirmance of this conviction, but conclude that reliance upon Wallace v. State, supra, in which I dissented, is unnecessary. The officer here learned that there was an outstanding warrant authorizing appellant's arrest prior to taking him into custody. He was also armed with sufficient probable cause to authorize appellant's arrest without a warrant and reliance upon a traffic violation is not necessary for our disposition of this case.