**Frichard DOW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–81–018–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 19, 1981.

---

Joe A. Garza, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J. and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed at life, based on a jury finding that appellant was a habitual felony offender.

Appellant contends on appeal that stolen property admitted into evidence against him was obtained by means of a defective search warrant and that the evidence is insufficient to sustain the conviction. The trial court admitted into evidence as part of the State's case several items of personal property which had been seized from a storage locker by police acting under a search warrant. This property had been stolen from the home of Thomas N. Smith, III. Appellant was shown to be in control of the locker at the time of the search.

Appellant contends that the affidavit in support of the search warrant is defective because it fails to state sufficient underlying circumstances from which the affiant could conclude that the unnamed informant was credible or his information reliable. The pertinent part of the affidavit reads as follows:

"... IT IS THE BELIEF OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES, THAT SAID SUSPECTED PARTY HAS POSSESSION OF AND IS CONCEALING AT SAID SUSPECTED PLACE THE FOLLOWING DESCRIBED *stolen property* TO WIT:

1. Kirby vacuum cleaner and attachments
2. Sterling silver champagne cooler
3. Sterling silver water pitcher
4. Two sterling silver sugar shakers
5. Large sterling silver tray
6. Twelve sterling silver drinking cups
7. Sterling silver ladle
8. Sterling silver punch bowl
9. Sterling silver tea service set
10. Two sterling silver candle holders
11. Sterling silver pitcher and bread tray

AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT: Affiant officer was told by a confidential informant that said informant was taken to the Stor-Safe Corporation storage units, storage locker number 182 by Frichard Dow within the past ten days and that Dow took informant inside of locker number 182 and showed him a large quantity of camera equipment, plus all of the items listed in section number three of this warrant. Informant further advised affiant officer that all of the above mentioned silver and the Kirby vacuum cleaner were stored together in a separate section away from the other items within the storage locker. Informant also told affiant that Dow told him not to repeat anything that was said during his visit to locker number 182, nor to disclose any information about anything that he had seen there. Said informant further advised affiant that he believes that all of the property mentioned in section number three of this warrant to be stolen. From the description of the items given by the informant affiant officer was able to locate a burglary report dated July 22, 1977, in the police files from which the above described property was stolen and the items matched each piece of silver reported stolen from offense number 70722–062. Affiant officer believes the informant to be trustworthy, reliable and credible because said informant has lived in Corpus Christi and Nueces County most of his life and continuously for the past two and one-half years and is gainfully employed and has no arrest records."

There is no claim of falsehood or reckless disregard for the truth in the affidavit. Consequently, we are bound by the four corners of the instrument in determining the question raised here. *Ramsey v. State of Texas*, 579 S.W.2d 920 (Tex.Cr.App.1979).

■ The underlying circumstances from which affiant concluded that the unnamed informant was credible are that the informant "has lived in Corpus Christi and Nueces County most of his life and continuously

for the past two and one-half years and is gainfully employed and has no arrest records." Minimum circumstances justifying a conclusion of credibility were set out in *Avery v. State of Texas*, 545 S.W.2d 803 (Tex.Cr.App.1977). There it was held that the minimal requirements to establish the credibility and reliability of an unnamed informant are: 1) that the informant have no criminal record; 2) that he shall enjoy a good reputation among his associates and in the community; and 3) that he be gainfully employed. Although the affiant makes no mention of the informant's reputation in the community, the affidavit does show underlying circumstances which can be looked to for corroboration of the information from the unnamed informant. Using the list of property reported by the informant, the affiant police officer located a burglary report dated July 22, 1977, in which eleven items listed as stolen by the homeowner matched exactly the eleven items seen by the informant. This information was set out in the affidavit that was used in support of the search warrant.

■ Appellant contends that the police report is not sufficient to corroborate the informant's observations because the description of the property given by the informant as reported in the affidavit totally lacked "sufficient specificity to distinguish one of said items from another of the same kind, make or model." We disagree. The description of the property in the affidavit is sufficiently detailed for the affiant officer and the magistrate to conclude from exact matching of the items on the two lists that the items seen by the informant were the same items taken in the burglary. This is true because of the large number of items involved, the proximity in time of the dates of the offense and the informant's observations, and the fact that the items were stored separately in the locker. See: *Wood v. State*, 573 S.W.2d 207 (Tex.Cr.App.1978).

Having considered the affidavit as a whole and in a common sense and realistic way, we find that the police report corroborates the informant's observations. It sup-

ports the conclusion that his information was reliable. *U. S. v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

In his second ground of error, appellant challenges the sufficiency of the evidence to adequately corroborate the testimony of the accomplice witnesses. Tex.Code Crim.Pro. Ann. art. 38.14 (Vernon 1979). On July 27, 1977, the house of Mr. and Mrs. Thomas N. Smith, III, was burglarized while they were out of town. On September 3, 1977, a search warrant was executed upon storage locker 182, located within the Stor-Safe Corporation complex at 863 Savage Lane, Corpus Christi, Texas. A large amount of stolen property was found in this locker, some of the property being identified as that taken during the Thomas Smith burglary. After the issuance of the search warrant, and with the cooperation of the owner of the locker, the padlock on locker 182 was changed. The owner was requested to inform the police when anyone attempted to open the locker. On September 22, 1977, Danny Jester attempted to open the locker. The police were called. After questioning, Danny Jester was arrested for his involvement in a series of residential burglaries. His mother, Linda Kerr, was arrested for unauthorized use of a stolen vehicle. Both Jester and Kerr gave statements implicating the appellant as the mastermind behind a series of residential burglaries in Corpus Christi. Richard Paul Harris, Linda Kerr, and Danny Jester testified against appellant. The jury was instructed by the court that these witnesses were accomplice witnesses as a matter of law and that their testimony must be corroborated.

To determine the sufficiency of the corroboration, one must eliminate from consideration the evidence of the accomplice witnesses and then examine the other evidence to ascertain if there is inculpatory evidence which tends to connect the accused with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. *Bentley v. State*, 520 S.W.2d 390, 392 (Tex.Cr.App. 1975), and cases cited therein. It is not necessary that the corroboration directly link the accused to the crime or be sufficient in itself to establish guilt; it need only make the accomplice's testimony more likely than not. *Bentley v. State, supra,* at 393; see *Dillard v. State of Texas*, 550 S.W.2d 45 (Tex.Cr.App.1977).

Danny Jester testified as follows: On the night of November 27, 1977, he and the appellant drove to the neighborhood in which the Smith house was located. They parked the car approximately one block from the Smith house. They then proceeded back to the Smith house, where appellant found a ladder. The appellant used this ladder to gain access to the roof of the house. Entry into the house itself was made through an upstairs window. Upon entering the house, appellant went through each room and "piled stuff on the floor." Jester acted as a look-out and put all of the items in a pillowcase. After they had gone through the house, appellant had a sandwich and Jester ate some cantaloupe. Gloves were worn by appellant and Jester while they were in the Smith house. Everything taken from the house was put outside the back door. The appellant went down the street to get the car while Jester waited with the property.

Linda Kerr, Danny Jester's mother, testified that she rented the storage locker in her name so that appellant could put his property in the locker. She testified that she may have put a few of her things in the locker, but that it was not rented for her benefit. She was not given a key. She generally went with appellant to the locker, but at those times she would wait in the car. On September 22, 1977, while in Ponca City, Oklahoma, she was arrested for unauthorized use of a stolen vehicle. Upon being arrested, Linda Kerr voluntarily turned over to police a large amount of property which she felt was stolen. These items had been given to her by appellant. She further testified that she knew her son Danny Jester had been helping appellant burglarize several houses.

The material non-accomplice testimony came from Ernest Tarpley and Officer Ash-

urst. Tarpley was the owner of Store-Safe Corporation. He testified that he had leased a storage locker in his complex to a woman by the name of Linda Diane Eastman (this woman was identified as Linda Kerr). Tarpley stated that when Ms. Eastman leased the locker, appellant was with her. He testified that the appellant paid the initial rental fee on the locker and continued to make monthly payments. Tarpley stated that after the locker had been rented by Linda Kerr, appellant requested a transfer to another locker. This transfer was from # 363 to # 182 and occurred around the end of June, 1977. Tarpley also testified that he was with the police when the storage locker was opened and that he saw inside the storage unit, "lots of very valuable property, unusual."

Officer Ashurst testified that he assisted in the investigation of a burglary that occurred at the Smith house and, as a result of this investigation, a search warrant was obtained for storage locker 182. While at the storage locker, Officer Ashurst showed a photo spread to Mr. Tarpley. Tarpley identified the appellant as a customer of his. Thereafter, with the assistance of Mr. Tarpley, the locker was opened and approximately $100,000.00 worth of property was found in the locker. Of this property, several items were traced to the Smith burglary.

While the evidence does not directly link appellant to the offense committed, it meshes perfectly with the testimony of the accomplice witnesses Jester and Kerr and makes their testimony more likely than not. *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr. App.1978). The relationships of the persons and the identification of the property ties appellant in with the commission of the offense charged. We find that the testimony of the accomplice witnesses Jester and Kerr were sufficiently corroborated. Ground of error number two is overruled.

Appellant contends that the trial court erred in holding evidence to be sufficient to sustain the conviction because it fails to show that the appellant had exclusive personal possession of the stolen prop-

erty. When possession of stolen property alone is relied upon for conviction for burglary, the possession must be personal, recent, unexplained and must involve a distinct and conscious title to the property by the defendant. *Rodriguez v. State of Texas*, 549 S.W.2d 747 (Tex.Cr.App.1977); 10 Tx.Jur.2d 250, Burglary Section 88 (1959). Here, the conviction does not rest solely upon the circumstantial evidence of recent unexplained possession of stolen property. Instead, the conviction rests upon the accomplice testimony of Danny Jester and Linda Kerr, which was sufficiently corroborated. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.