TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00605-CR






Kenneth Cesar Luna, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-0493, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 Appellant Kenneth Cesar Luna was convicted of the offense of possessing four
grams or more but less than 200 grams of cocaine. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.115(d) (West Supp. 1999). The trial court assessed appellant's punishment
at imprisonment for ten years and a fine of $2,000, and placed appellant on community supervision
for ten years.

 In four points of error, appellant contends that the trial court erred in failing to
suppress evidence unlawfully obtained and that the evidence is legally and factually insufficient
to support the jury's verdict. We will overrule appellant's points of error and affirm the trial
court's judgment.

 Officers armed with a search warrant seized cocaine that they found in appellant's
residence. All of appellant's points of error are based on his contention that the affidavit upon
which a magistrate issued the search warrant did not show probable cause for the issuance of the
warrant. The magistrate found probable cause and issued the search warrant on September 22,
1995, authorizing a search of appellant's residence for marihuana and cocaine. The search
warrant was issued after the magistrate was presented an affidavit that alleged probable cause as 
follows:


Affiant, Penny L. Dunn, is employed by the San Marcos Police Department and
is currently assigned to the Narcotics Division. Affiant has been employed as a
Peace Officer for nine years. Affiant has been involved in numerous narcotic
investigations during Affiant's career and has received numerous hours of training
in narcotics enforcement.


Affiant has observed cocaine, crack cocaine, methamphetamine, marihuana,
Lysergic acid diethylamide (LSD), heroin, psilocybin mushrooms, and other illegal
narcotics in these investigations and is aware of how they are packaged for sale,
transported, and used. Affiant knows that narcotic dealers keep books, ledgers,
receipts, tally sheets, bank records, money orders, and other papers relating to the
manufacture, cultivation, transportation, sale and distribution of illegal controlled
substances.


On Thursday, September 21, 1995 Cpl. Dunn was contacted by Crimestoppers
Caller #82X regarding narcotics violations. Caller #82X advised that a Hispanic
male named Kenneth and a second, unidentified Hispanic male are living in a small
camping trailer in the trailer park across from the Stadium Plaza Strip center on
Aquarena Springs Dr., San Marcos, Hays County, Texas. The caller described
Kenneth as being 27 to 28 years of age, 5'6" and heavy set. Caller #82X stated
that the subjects are selling large quantities of marihuana and cocaine from the
camping trailer. Caller #82X stated that the camping trailer is an older trailer and
is parked in the third slot, on the left as you enter the driveway of the trailer park. 
The caller further described the trailer as having a clothesline in front. Caller
#82X stated that Kenneth drives a green Ford, short-bed truck.


Caller #82X stated that he/she had been in the residence in the past week and had
observed two or three pounds of marihuana and a small amount of cocaine in the
residence. Caller #82X stated that Kenneth stores the marihuana in the
refrigerator. Kenneth advised Caller #82X that he was traveling to Laredo, Texas
to "re-up" his supply of marihuana and cocaine and would return this week. Caller
#82X stated that Kenneth returned on Sunday, September 17, 1995 and that
Kenneth's roommate returned on Tuesday, September 19, 1995. Caller #82X
stated that Kenneth has called in the past 48 hours and advised that he had returned. 
Caller #82X stated that Kenneth offered large amounts of marihuana and cocaine
for sale and provided his pager number, 753-3100, for contact.


On Monday, September 11, 1995 Officer D. Fisher of the San Marcos Police
Department - Narcotics Division received a call from a subject, who requested
anonymity. The caller stated that Kenneth Luna, (who lives in a small trailer
located in the first or second lot, on the left, as you enter College View Mobile
Home Park), is selling marihuana and cocaine from his residence. Caller stated
that he/she had been in the residence recently and that Kenneth Luna had brought
out some cocaine and marihuana while he/she was there. The caller stated that
Kenneth Luna keeps the drugs in a small barrel inside the residence. The caller
stated that Kenneth Luna drives a dark green, possibly a Ford, truck.


Cpl. Dunn was able to corroborate the following information through other
investigative techniques. Records from the San Marcos Utilities indicates that the
lot described by both callers is College View Mobile Home Park lot #21 and the
utilities are in the name of Noel O. Luna. Records from Household Driver's
Record (HDR) show a common address for Noel Omar Luna and Kenneth Cesar
Luna at 108 Applewood Drive, Brownsville, Texas. The HDR records give a date
of birth of Noel Luna of 2/11/72 and for Kenneth Luna of 8/18/69 (26 years of
age). Records from Database Technologies (DBT) were obtained regarding
vehicles registered to 108 Applewood, Brownsville, Texas. A 1995 Ford Truck
was found registered to Concepcion Luna, Texas license plate HH6491, at 108
Applewood, Brownsville, Texas along with other vehicles.


A check of border crossing records with the United States Customs Service indicate
the vehicle registered to Concepcion Luna (Texas License plate HH6491) has
crossed the United States of America and Mexico border four times in the past 30
days. The last crossing, returning to the United States was Sunday, September 17,
1995.


A check of record with Century Telecommunications for the pager number given
to Caller #82X show the number (512-753-3100) belonging to Kenneth Cesar Luna. 
A Texas driver's license number was recorded on the original invoice dated August
25, 1994. The license number from the invoice is issued to Kenneth Cesar Luna
at 108 Applewood, Brownsville, Texas with a date of birth of 8/18/69.


On Thursday, September 21, 1995 Officer Fisher located and observed the trailer
as described by the two callers. The trailer is located at 1201 Aquarena Springs,
Lot #21, College View Mobile Home Park, San Marcos, Hays County, Texas.


Criminal records were checked with TCIC/NCIC on Kenneth Luna and Noel Luna. 
Kenneth Luna has previous arrests for Bringing in Illegal Aliens (commonly known
as smuggling illegal aliens) and Assault. Noel Luna has no criminal history.


Based on the callers information and the ability to corroborate the callers
information regarding the identification of subjects, location and description of
residence, the identification of a suspect vehicle and the confirmation of a border
crossing in the past four days, Affiant believes that a usable quantity of marihuana
and cocaine is being kept at the above described residence.


WHEREFORE, Affiant asks for issuance of a Warrant that will authorize Affiant
to search said suspected place and premises for said property and seize the same
and to arrest each said described and accused person.



 Whether the facts alleged in a probable cause affidavit sufficiently support a search
warrant is determined by examining the totality of the circumstances. The probable cause
determination is simply a practical common sense decision whether, given the circumstances
described in the affidavit, there is a fair probability that contraband will be found in a particular
designated place. See Illinois v. Gates, 462 U.S. 213, 228-29 (1983); Ramos v. State, 934 S.W.2d
358, 362-63 (Tex. Crim. App. 1996); Hackleman v. State, 919 S.W.2d 440, 447 (Tex.
App.--Austin 1996, pet. ref'd untimely filed). "The allegations are sufficient if they would
'justify a conclusion that the object of the search is probably on the premises.'" Ramos, 934
S.W.2d at 362-63 (quoting Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986)). 
"The magistrate is permitted to draw reasonable inferences from the facts and circumstances
alleged." Id. at 363; Gish v. State, 606 S.W.2d 883, 886 (Tex. Crim. App. 1980). In
determining whether an affidavit for a search warrant shows probable cause, a reviewing court
looks to the four corners of the affidavit. See Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim.
App. 1996); Doescher v. State, 578 S.W.2d 385, 387 (Tex. Crim. App. 1978); Flores v. State,
888 S.W.2d 193, 197 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd); Mayfield v. State, 800
S.W.2d 932, 934 (Tex. App.--San Antonio 1990, no pet.). "Statements made during the pretrial
hearing do not factor into that determination." Massey, 933 S.W.2d at 148. 

 Appellant argues that the information officers received from the anonymous
informers was stale. In so doing, appellant divides and considers separately various pieces of
information and does not consider the totality of the circumstances. Also, appellant argues there
was a lack of corroboration of the information obtained from the informers. Again, appellant
divides and considers separately pieces of information and corroborative evidence, not the totality
of the circumstances.

 Applying the principles of the cases cited and following the proper reviewing
standard, we find that given the circumstances described in the affidavit, there was a fair
probability the contraband described would be found in the place designated. Therefore, the
affidavit met the probable cause requirement.

 Appellant also asserts that this is a special case and that we should look beyond the
face of the affidavit and consider testimony admitted on the hearing of his motions to suppress. 
We first note that a trial court need not hear a pretrial motion to suppress evidence. See Roberts
v. State, 545 S.W.2d 157,158 (Tex. Crim. App. 1977); Writt v. State, 541 S.W.2d 424, 425 (Tex.
Crim. App. 1976); Bosley v. State, 414 S.W.2d 468, 470 (Tex. Crim. App. 1967). In its
discretion, the trial court may deny a hearing on the pretrial motion. In this case, appellant filed
two motions to suppress evidence. Both motions made broad, general, conclusory allegations but
failed to specifically mention the suppression of the cocaine that appellant was alleged to have
possessed. A motion to suppress should be a specific pleading. See generally Wayne R. LaFave,
Search and Seizure, § 11.2(a) (3d ed. 1996). Furthermore, a motion to suppress evidence is
nothing more than a specialized objection to the admissibility of evidence. See Gulitz v. State, 617
S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981). Therefore, a motion to suppress should be as
specific as an objection to evidence offered during trial. See Mayfield, 800 S.W.2d at 935. 
Nevertheless, despite the deficiencies of appellant's motions, the trial court heard the motions to
suppress before evidence was presented to the jury. In that hearing, the warrant and the affidavit
were admitted in evidence. Appellant also offered the testimony of the affiant and made the same
arguments that he has made on appeal. We are unable to detect any evidence offered on the
hearing that is substantially different than that included in the affidavit. Appellant did not, during
the hearing, and has not on appeal, made any claim that the information and allegations in the
affidavit were false. Therefore, a Franks question was not raised. See Franks v. Delaware, 438
U.S. 154 (1978); Ramsey v. State, 579 S.W.2d 920, 922-23 (Tex. Crim. App. 1979); Hackleman,
919 S.W.2d at 448-49; Dow v. State, 626 S.W.2d 93, 95 (Tex. App.--Corpus Christi 1981, no
pet.). In the circumstances of this case, we will not depart from the general rule that courts look
to the four corners of a probable cause affidavit to determine whether probable cause existed for
the issuance of the search warrant. We overrule appellant's first point of error and his "first
alternative" point of error.

 In his remaining points of error, appellant claims that: (1) "The evidence is legally
insufficient because, in the light most favorable to the prosecution, any rational trier of fact could
not have answered in the affirmative to instruction No. 6"; and (2) "The evidence is factually
insufficient because, when viewing all the evidence equally, any rational trier of fact could not
have answered in the affirmative to instruction No. 6." We must summarize some of the
procedural facts to explain appellant's contention.

 After the trial court overruled appellant's motions to suppress the evidence, the
State in the trial before the jury needlessly offered in evidence the probable cause affidavit and the
search warrant. Appellant affirmatively stated he had no objection to their admission. The
affidavit and the warrant were admitted for the jury's consideration. Thereafter, Penny Dunn, the
affiant, and Danny Fisher, the other officer who furnished information used in the affidavit, both
testified before the jury. These witnesses testified and repeated the hearsay alleged in the
affidavit.

 Appellant requested a jury charge that resulted in the jury being charged that: 


V.



 You have heard testimony from Corp. Penny Dunn and Officer Danny
Fisher regarding statements from a confidential informant on September 11, 1995,
and regarding statements from a second confidential informant on September 21,
1995. In addition, you have received evidence of a probable cause affidavit. It has
been admitted into evidence solely to aid you, if it does, in determining whether
probable cause existed on September 22, 1995, to conduct the search of the
premises known as 1201 Aquarena Springs Drive, Lot #21, San Marcos, Hays
County, Texas. This evidence was admitted for this purpose, and this purpose
only, and should not be considered by you for any other purpose other than that for
which it was admitted. Extraneous conduct or offenses in State's Exhibit One are
not to be considered by you in your determination of the guilt or innocence of the
defendant in this case.


VI.



 Our law provides that any evidence obtained by an officer or other person
in violation of the Constitution or the laws of the State of Texas or in violation of
the Constitution or the laws of the United States shall be disregarded by the jury.


 Now before you consider any testimony or evidence concerning the exhibit
which has been admitted into evidence and alleged to be a controlled substance,
namely: cocaine, you must first find beyond a reasonable doubt that the aforesaid
evidence was lawfully seized pursuant to a validly issued Search Warrant, and that
said Search Warrant was properly issued based upon legally sufficient probable
cause, and if you do not so find beyond a reasonable doubt, then you will disregard
the aforesaid evidence.



 The Texas Code of Criminal Procedure provides:


 (a) No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the Constitution
or laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.


 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such event,
the jury shall disregard any such evidence so obtained.


 (b) It is an exception to the provisions of Subsection (a) of this Article that
the evidence was obtained by a law enforcement officer acting in objective good
faith reliance upon a warrant issued by a neutral magistrate based on probable
cause.


Tex. Code Crim. Proc. Ann. art 38.23 (West Supp. 1999). "A trial court is required to include
a properly worded Article 38.23 instruction in the jury charge only if there is a factual dispute as
to how the evidence was obtained." Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App.
1986); see Merriweather v. State, 501 S.W.2d 887, 891 (Tex. Crim. App. 1973); Foster v. State,
814 S.W.2d 874, 883 (Tex. App.--Beaumont 1991, pet. ref'd); Finney v. State, 672 S.W.2d 559,
568 (Tex. App.--Austin 1984, no pet.). The issue of whether evidence was obtained unlawfully
may be raised from any source, and may be strong, weak, contradicted, unimpeached, or
unbelievable. See Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993).

 On appeal, appellant contends that "the State opened the door for consideration of
the officers' testimony by consensually relitigating the issue" of probable cause, and therefore it
was properly submitted to the jury. To support this argument, appellant relies principally on
Hardesty v. State, 667 S.W.2d 130 (Tex. Crim. App. 1984). Hardesty is not applicable because
it is not concerned with probable cause for a search but is concerned with the admission of a
confession. In confession cases, the trial court originally determines the admissibility of the
confession, but the jury determines the weight to be given the confession. For a discussion of this
difference between probable cause for search cases and confession cases, see Wayne R. LaFave,
Search and Seizure § 11.02(e) (3d ed. 1996).

 Although the issues may have been relitigated, appellant did not testify or offer any
other testimony to rebut the factual allegations of the probable cause affidavit; no disputed fact
issues were raised. In his fifty-page brief, appellant argues that the affidavit and the officer's
testimony are insufficient to show probable cause; he makes no factual dispute claim. In other
words, appellant disagrees with the conclusion that probable cause was shown as a matter of law
for the issuance of the warrant. Because there were no disputed fact issues, the determination of
probable cause was a matter of law and there was no need to charge the jury on that issue. See
Ainsworth v. State, 493 S.W.2d 517, 524 (Tex. Crim. App. 1973); McElwee v. State, 493 S.W.2d
876, 880 (Tex. Crim. App. 1973); Campbell v. State, 492 S.W.2d 956, 958 (Tex. Crim. App.
1973); Black v. State, 491 S.W.2d 428, 431 (Tex. Crim. App. 1973); Wilkerson v. State, 933
S.W.2d 276, 280 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd); Brooks v. State, 707 S.W.2d
703, 705-06 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). This case is unlike Wilkerson,
933 S.W.2d 276, and Stone v. State, 703 S.W.2d 652, 654-55 (Tex. Crim. App. 1986), where fact
issues were raised concerning probable cause for the warrantless arrest of defendants.

 Because there were no fact issues raised concerning probable cause in this case, it
would have been unnecessary to submit appellant's requested charge to the jury, and we need not
determine whether the facts legally and factually support the jury's implied finding that probable
cause existed for issuance of the search warrant. We have already decided that the affidavit
supported the issuance of the warrant as a matter of law.

 We have considered and reviewed appellant's points of error as he framed them. 
However, there is a sounder reason for overruling appellant's points of error. The standards for
determining legal and factual sufficiency of evidence are concerned with proof of "the essential
elements of a crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319
(1979). Whether probable cause existed for the issuance of a search warrant to search for cocaine
was not an essential element of the criminal offense of possessing cocaine. Therefore, the
standards for determining legal and factual sufficiency of evidence to support the elements of the
offense charged do not apply to the Article 38.23 instruction admonishing the jury concerning the
admission and the jury's consideration of certain evidence. We overrule appellant's second and
third points of error.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Powers* and Dally**

Affirmed

Filed: January 14, 1999

Do Not Publish















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



> Wayne R. LaFave,
Search and Seizure § 11.02(e) (3d ed. 1996).

 Although the issues may have been relitigated, appellant did not testify or offer any
other testimony to rebut the factual allegations of the probable cause affidavit; no disputed fact
issues were raised. In his fifty-page brief, appellant argues that the affidavit and the officer's
testimony are insufficient to show probable cause; he makes no factual dispute claim. In other
words, appellant disagrees with the conclusion that probable cause was shown as a matter of law
for the issuance of the warrant. Because there were no disputed fact issues, the determination of
probable cause was a matter of law and there was no need to charge the jury on that issue. See
Ainsworth v. State, 493 S.W.2d 517, 524 (Tex. Crim. App. 1973); McElwee v. State, 493 S.W.2d
876, 880 (Tex. Crim. App. 1973); Campbell v. State, 492 S.W.2d 956, 958 (Tex. Crim. App.
1973); Black v. State, 491 S.W.2d 428, 431 (Tex. Crim. App. 1973); Wilkerson v. State, 933
S.W.2d 276, 280 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd); Brooks v. State, 707 S.W.2d
703, 705-06 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). This case is unlike Wilkerson,
933 S.W.2d 276, and Stone v. State, 703 S.W.2d 652, 654-55 (Tex. Crim. App. 1986), where fact
issues were raised concerning probable cause for the warrantless arrest of defendants.

 Because there were no fact issues raised concerning probable cause in this case, it
would have been unnecessary to submit appellant's requested charge to the jury, and we need not
determine whether the facts legally and factually support the jury's implied finding that probable
cause existed for issuance of the search warrant. We have already decided that the affidavit
supported the issuance of the warrant as a matter of law.

 We have considered and reviewed appellant's points of error as he framed them. 
However, there is a sounder reason for overruling appellant's points of error. The standards for
determining legal and factual sufficiency of evidence are concerned with proof of "the essential
elements of a crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319
(1979). Whether probable cause existed for the issuance of a search warrant to search for cocaine
was not an essential element of the criminal offense of possessing cocaine. Therefore, the
standards for determining legal and factual sufficiency of evidence to support the elements of the
offense charged do not apply to the Article 38.23 instruction admonishing the jury concerning the
admission and the jury's consideration of certain evidence. We overrule appellant's second and
third points of error.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Powers* and Dally**

Affirmed

Filed: January 14, 1999

Do Not Publish