

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---
### NO. PD-1791-11
---

### ANGELA DODD HAMAL, Appellant

### v.

### THE STATE OF TEXAS

---
### ON DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WISE COUNTY
---

*Womack, J., filed a dissenting opinion in which Meyers, J., joined.*

Article 38.23(a) of the Code of Criminal Procedure says:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.[1]

---

[1] TEX. CODE CRIM. PROC. art. 38.23.

A defendant must meet three requirements before she is entitled to an Article 38.23 instruction:

(1) the evidence heard by the jury must raise an issue of fact,

(2) the evidence on that fact must be affirmatively contested, and

(3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.[2]

In the instant case, only the first requirement is in dispute.

The Court of Appeals held that it had been satisfied by the factual issue at trial of "whether Trooper Riggs was reasonable in believing … that [the appellant] had heard and understood what he was asking and had lied about having been arrested."[3] The State argues that the Court of Appeals was incorrect, because a "dispute over the mental processes of appellant or Trooper Riggs … is irrelevant because reasonable suspicion is determined by the facts objectively available to the officer."

The majority opinion agrees, holding that whether there was a factual issue on this ground is irrelevant, because it did not matter what Riggs believed, but instead only what "a reasonable police officer would believe."

But what Riggs believed *is* a factual issue.

A dispute over whether Trooper Riggs behaved reasonably in determining that the appellant was deceitful (the dispute the majority views as irrelevant) is the same factual issue as

---

[2] *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).
Nothing in Article 38.23 requires a *factual* issue to be raised; the text requires only that an issue be raised. For decades, though, this court has interpreted Article 38.23 as applying only to factual issues. *See, e.g., McElwee v. State*, 493 S.W.2d 876, 880 (Tex. Cr. App. 1973); *Merriweather v. State*, 501 S.W.2d 887, 891 (Tex. Cr. App. 1973); *Thomas v. State*, 723 S.W.2d 696, 707 (Tex. Cr. App. 1986).

[3] *Hamal v. State*, 352 S.W.3d 835, 852 (Tex. App.–Fort Worth 2011).

whether a reasonable officer would have determined that the appellant was deceitful (the dispute the majority implicitly deems legitimate). Whether an actual individual behaved reasonably is decided in the same way as whether a hypothetical individual would have behaved reasonably in the identical circumstances.

The Court's attempt to distinguish this case from *Madden* is unconvincing. In each case the officer testified to his reason for developing reasonable suspicion, and video evidence showed the appellant controverting that reason. Whether the reason was speeding or deceit, the dispute is the same. Indeed, the approved question in *Madden* mirrored the dispute in question now: "whether [the officer] reasonably believed that appellant was speeding."[4] If the majority instead wishes to characterize the dispute in *Madden* as concerning what the officer "did, said, saw, or heard," then the dispute in this case can also be characterized as over what the officer heard. If the Court was right in *Madden*, it is wrong today; if it is right today, it should overrule *Madden*.

I would affirm the Court of Appeals.

Filed: September 12, 2012.
Publish.

---

[4] 242 S.W.3d, at 511.